**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 9 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JIANMING HE,

        Petitioner,

  v.

TODD BLANCHE, Acting Attorney
General,

        Respondent.

No. 20-73098

Agency No.
A209-198-362

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 24, 2026
Honolulu, Hawaii

Before:    N.R. SMITH, MILLER, and JOHNSTONE, Circuit Judges.

Jianming He ("Petitioner"), a native and citizen of the People's Republic of

China, petitions for review of an order of the Board of Immigration Appeals

dismissing his appeal of an immigration judge's denial of his application for

asylum and withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252,

and we deny the petition.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Substantial evidence supports the agency's adverse credibility finding. *See Ani v. Bondi*, 155 F.4th 1118, 1126 (9th Cir. 2025). A reasonable adjudicator would not be compelled to conclude that Petitioner is credible under the totality of the circumstances. *See id.* Petitioner failed to disclose that he was arrested in Cuba on his asylum application. Petitioner also gave inconsistent statements about the length of his trip and detention in Cuba. Although other "reasons relied on by the agency do not support its ultimate credibility finding, once those unsupported reasons are disregarded, substantial evidence remains to support the agency's determination that [Petitioner] was not credible." *Kalulu v. Bondi*, 128 F.4th 1009, 1015 (9th Cir. 2024); 8 U.S.C. § 1158(b)(1)(B)(iii) ("Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made) . . . .").

For those same reasons, the motion to stay removal (Dkt. No. 1) is denied and the temporary stay of removal entered pursuant to General Order 6.4(c) is lifted. *See Leiva-Perez v. Holder*, 640 F.3d 962, 964–65 (9th Cir. 2011) (per curiam).

**PETITION DENIED.**